Richardson & Nelson *v.* Blakemore.

RICHARDSON & NELSON *v.* J. H. BLAKEMORE.

LANDLORD AND TENANT. *Purchaser of tenant. Lien.* A suit by landlord may be maintained against a purchaser of the crop, or any part thereof, from the tenant before any recovery of judgment against the tenant or before the rent is due.

.FROM GIBSON.

Appeal in error from the Circuit Court of Gibson. county. J. T. CARTHEL, J.

T. E. HARWOOD for Richardson & Nelson.

CALDWELL & CALDWELL for Blakemore.

DEADERICK, C. J., delivered the opinion of the court.

In 1880, Blakemore, who had rented land, sub-let it to one Frank Grimes, who agreed to pay two bales of cotton rent.

Blakemore's statement of the contract is that the rent was to be paid in the first two bales picked, and was then due, while Frank Grimes testified that there was no agreement when the rent was payable, and he rented for a year early in 1880.

The suit was brought against defendants, purchasers from Grimes, of the first bales of cotton picked, before a justice of the peace, November 11, 1880, and a plea in abatement filed, on the ground that the rent was due from Grimes at the time the suit was brought.

The justice rendered judgment for plaintiff and de·fendants appealed to the circuit court. There a verdict and judgment were rendered for the value of the cotton sold to defendants, and they have appealed in error to this court.

The errors assigned here are that the verdict is not supported by the evidence; because of error in the charge of the court in instructing the jury that the suit might be maintained even if the claim for rent was not due at the time it was instituted; because of refusal to charge as requested; because the court de·cided the question raised by the plea in abatement, after it was submitted to the jury; and lastly, be-cause the court charged that the suit might be main-tained against defendants, without first obtaining a judgment against Grimes, the renter.

As to the first ground of objection, we think there is sufficient evidence to show that Grimes rented the ground of plaintiff below, and that the cotton was sold to defendants by him, and that plaintiff had a lien upon it for his rent. ,

The request of defendants was that the jury be in-structed that it was necessary, if a time and place for delivery of cotton was not agreed upon, that the plain-tiff prove that he made demand, etc.

In a suit against defendants it was immaterial whether a demand was made. If the suit was main-tainable at all against them, it was upon the ground that defendants had purchased cotton of the producer, upon which the statute gave the landlord a lien and right of action against the purchaser.

The further objections that the court charged the jury that it was not necessary that the rent should be due before suit is brought against defendants as pur-chasers, nor that a judgment should be had against Grimes, may be considered together.

By the act of 1825, Code, secs. 3539 and 3541, a debt for rent of land is a lien on the crop in prefer-ence to all other debts, and the lien may be enforced by attachment or judgment against the tenant, and ex-ecution levied on the crop in whosesoever hands it may be. By the act of 1857-8, Code, sec. 3540, this lien continues for three months after the debt becomes due. Under the act of 1825, it was held that the land-lord could not sue the purchaser of the crop until he had obtained judgment against the tenant: 6 Yer., 267; 7 Yer., 494. By the act of 1857-8, Code, sec. 3542, it is provided that the person entitled to the rent may recover from the purchaser of the crop, or any part of it, with notice of the lien, the value of the property so that it does not exceed the amount of the rent and damages.

This last named section of the Code is amended by chapter 72 of the acts of 1879, so as to make the purchaser liable, although he may not have had notice of the lien.

It is earnestly and ably argued for defendants below, that there is nothing in section 3542 to warrant the con-struction adopted by the court, that the suit against the purchaser of the crop may be maintained without first having obtained a judgment against the tenant, and that such suit may be brought before the rent is due, or to

change the construction given in the cases cited, that it is necessary before suing the purchaser, to have judgment against the tenant. It will be observed that the act of 1825 did not in terms give the landlord any action against the purchaser, but only pointed out the mode of reaching this property of the tenant and enforcing the lien declared in favor of the landlord.

Section 3542 of the Code does give a right of action to a person entitled to the rent, directly against the purchaser, not for the property itself, but for its value. So far as the act specifies, if a person is entitled to the rent, he may recover from the purchaser the value of the property upon which he has a lien. It would seem that his cause of action is, that property, on which he has a lien, has been purchased of the debtor, and the right of the creditor thus interfered with, and he is given an action to recover its value because the property has been purchased by another, and if the action may be maintained because of the purchase, it would seem that the right to sue would accrue when the purchase was complete and the property delivered.

To support the action under section 3542 of the Code, the plaintiff must show that he is entitled to the rents, and that defendant is the purchaser of the crop, or part of it, and the value of the property so purchased, and then he may recover the value of the property, not to exceed the amount of rent and damages.

But it is plausibly argued that inasmuch as the recovery is to go in extinguishment of the renter's liability, there ought to be no judgment against the

purchaser until it is judicially ascertained in a suit betewen the landlord and tenant, what sum, if any, is due; and that this cannot be done until the liability of the tenant is in fact due and payable. And that no adjudication can be had against the tenant, except in a suit directly against him.

To this it may be answered that the suit is not against the tenant upon his indebtedness to the landlord, and would not preclude him from making defense in a suit against him, or instituting proceedings to assert his rights. It is a suit which the statute authorizes against a party who has purchased property that is liable to the plaintiff's demand, and this the plaintiff must prove, to entitle him to recover. The recovery is from the purchaser, for property, the title to which the tenant has estopped himself from setting up claim, but he is not estopped from bringing suit against plaintiff, or defending suits brought by him, or the purchaser.

The plaintiff must prove his claim for rent, just as he would be required to do, if he had brought suit against the tenant. The latter is a competent witness in such case, and was examined on the trial of this case.

We are of opinion, therefore, that there was no error in the charge of the court. The court disposed of the plea in abatement as if on demurrer or motion to dismiss, although in fact no issue was taken on it.

The judgment will be affirmed.